■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD BERMUDEZ, Appellant. — Judgment, Supreme Court, Bronx County (DiFede, J.), rendered July 2, 1982, convicting the defendant, after a jury trial, of robbery in the third degree and sentencing him, as a second felony offender to an indeterminate prison term of 3½ to 7 years, affirmed.

Three basic issues are presented.

The first issue is whether the defendant was informed that he would be tried *in absentia* if he failed to appear for trial (see *People v Parker*, 57 NY2d 136). On the morning of May 11, 1982, Justice Kapelman denied the defense motion for an adjournment. He then gave the following warning to the defendant: "THE COURT: The defendant is advised that he must proceed to part 88 forthwith. If he fails to proceed there the case will be tried in his basence [*sic*]".

At the afternoon session before Justice DiFede, Assistant District Attorney (ADA) Morrison stressed that the defendant had been in court that morning but that he had failed to appear for trial. Defense attorney DeCicco admitted that the ADA's statement in that regard was correct. The colloquy appears in the transcript as follows:

"MS. MORRISON: Your Honor, I would also further state for the record that in Part 40, Judge Kapelman instructed and informed the defendant that if he did not appear in Part 88, for trial, that the trial would proceed without him.

"THE COURT: Very good. All the more reason why we should proceed.

"MR. DECICCO: That's correct, Judge. That, again, was before any question of competency was arisen".

Thus, the transcript conclusively indicates that the defendant left the courthouse on May 11, 1982 with the full realization that a trial would go forward in his absence. There is no merit to his claim under *People v Parker* (*supra*).

As a second point, defendant maintains that Justice Kapelman should have granted this motion for a one-week adjournment of the trial because of his injuries. At the morning session before Justice Kapelman, the defense attorney stated that the defendant had informed him that he had received certain head

and neck injuries 10 days beforehand. The defense attorney also informed the court that the defendant had received 80 stitches in the occurrence. The defense attorney further represented that his client was being treated at North Central Hospital and a neurology clinic.

It cannot be said that Justice Kapelman abused his discretion, as a matter of law, in denying the motion for an adjournment. He had an opportunity to observe the defendant's appearance and demeanor at that time. Moreover, the defendant did not even testify as to the exact nature of his injuries nor did he testify as to how those purported injuries would prevent him from testifying at trial. It should be further stressed that the defendant did not submit a medical affidavit or any medical documentation to substantiate his claim of disability.

Upon this record, the defendant cannot demonstrate that he would have been prejudiced had the trial been held on May 11, 1982. It is evident that the defendant was simply attempting to delay the commencement of trial. When his efforts were unsuccessful, he absconded.

The last issue is whether Justice DiFede should have ordered a competency hearing. After the morning session, the Assistant District Attorney informed the defense attorney that the defendant had been declared incompetent on two cases in 1979. The defense attorney then requested a competency hearing before Justice DiFede at the afternoon session. Justice DiFede correctly denied that motion. The defendant had waived his right to request such a hearing by absconding earlier that day.

In sum, there is no merit to the points raised by defendant on appeal. Furthermore, the evidence of guilt is overwhelming. The judgment of conviction should be affirmed. Concur — Murphy, P. J., Asch, Bloom and Kassal, JJ.

Kupferman, J., dissents in a memorandum as follows: The defendant, during his robbery of the bodega, was set upon in righteous indignation by the owner who hit him repeatedly with a soda bottle. There can be little doubt that the defendant was injured, and his counsel's statement that he had received 80 stitches in connection therewith some 10 days before the motion for an adjournment deserves credence. Under the circumstances, to deny a one-week adjournment was a clear abuse of discretion.