■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. HESS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's claim that the search warrant application insufficiently demonstrated the reliability of the informant is without merit. The supporting affidavit described the informant's contacts with defendant and his residence in considerable detail. The information that marihuana would be present at the residence on the evening of the search was confirmed during a recorded conversation made in the presence of the police. The informant's reliability was not based solely on hearsay, and we conclude that the warrant application was supported by probable cause *(People v Rodriguez,* 52 NY2d 483; *People v Hanlon,* 36 NY2d 549).

On cross-examination of a prosecution witness, the defense attempted to establish that the witness, not defendant, was selling the marihuana and was the person who placed the marihuana in a dresser drawer, thereby raising a factual issue concerning possession. Evidence of prior uncharged crimes was relevant to establish that it was defendant who purchased the marihuana and thus, subsequent admission of such evidence was not error *(see, People v Sbraccia,* 92 AD2d 628, 629).

The court did not err by refusing to excuse three prospective jurors for cause. Defendant concedes that each juror was questioned regarding his ability to render a fair and impartial verdict, and the mere fact that two of the jurors had a criminal justice education or that another juror's child was a member of a police department did not constitute a basis for their disqualification *(People v Williams,* 63 NY2d 882; *People v Colon,* 127 AD2d 678, *affd* 71 NY2d 410, *cert denied* — US —, 108 S Ct 2911).

Defendant voluntarily and purposefully absented himself from the trial subsequent to jury selection, and the court did not err by continuing the trial in his absence *(People v Bermudez,* 104 AD2d 314). We have independently reviewed the evidence *(see, People v Bleakley,* 69 NY2d 490) and conclude that proof of defendant's guilt was overwhelming and hence, that the jury verdict was not contrary to the weight of evidence. (Appeal from judgment of Monroe County Court, Celli, J.—criminal possession of marihuana, second degree, and another charge.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.