■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN FEANNY, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 14, 1988, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts) and criminally using drug paraphernalia in the second degree.

On appeal, defendant's primary contention is that County Court erred in refusing to suppress quantities of heroin and cocaine and other evidence seized in connection with a December 17, 1987 search of the second floor apartment at 70 Liberty Street in the City of Kingston, Ulster County. The

affidavit of Police Detective Michael Jubie in support of the search warrant alleged that (1) on December 1, 1987, a "reliable confidential informant", "being supervised by" Jubie and two other detectives, purchased cocaine from Robert Frater; (2) a "reliable confidential informant" informed Jubie that Frater was "using the address of 70 Liberty Street * * * as his present address"; (3) on December 14, 1987, a "concerned citizen" who, "fearing reprisal, [did] not wish to be identified", told another detective "that he [was] afraid for his family because of the activity on the second floor of 70 Liberty St[reet]"; and (4) on December 16, 1987, a "reliable confidential informant" told one of the detectives that the informant had "dropped people at said premise [sic]", who entered "through the front or rear stairs to the second floor" and returned with cocaine which they bought from defendant or Frater. Further, the affidavit details the results of surveillance of the 70 Liberty Street property which supports the conclusion that in the late evening of December 14, 1987 and early morning of December 15, 1987 a number of different people, some of whom were known drug users, visited the residence, in most cases staying for no more than five minutes.

It was County Court's determination that, although the affidavit was "poorly drafted and refer[red] to information furnished by 'reliable' confidential informants without any attempt to establish their reliability", it was "saved" by the police observation of "known narcotic addicts" seen entering and leaving the premises. We disagree. Neither *People v Hanlon* (36 NY2d 549), relied upon by the People, nor *People v Elwell* (50 NY2d 231), the sole authority cited for County Court's conclusion, support the issuance of the search warrant in this case. We first note that in neither of those cases was the "reliability" prong of the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) at issue. Rather, both focused solely on the "basis of knowledge" prong *(see, People v Elwell, supra,* at 234, 239-240; *People v Hanlon, supra,* at 554-555). Here, if the search warrant is to stand, both the "reliability" and "basis of knowledge" prongs must be satisfied by the police officers' independent observations.

In our view, the information imparted to the police in the instant case was so lacking in substance and detail as to preclude meaningful independent confirmation of either the reliability or the basis of the information of the informants. First, the fact that an informant claimed to have bought cocaine from Frater at an undisclosed location on December 1,

1987 offers little or no evidence that drugs were secreted in the second floor apartment of the 70 Liberty Street property *(see, People v Burks,* 134 AD2d 604, 605-606). In sharp contrast, in *Hanlon* the informant not only stated that he had purchased drugs from the defendant but described the quantity, type and form of the drug and its precise location in the premises searched *(see, People v Hanlon, supra,* at 554; *see also, People v Rodriguez,* 52 NY2d 483, 491-492; *People v Elwell, supra,* at 239-240). Second, the reference of the citizen informant to unspecified "activity" on the second floor is wholly valueless. Third, the December 16, 1987 statement, although offering some evidence of actual drug sales in the second floor apartment at 70 Liberty Street, is extremely vague *(cf., People v Hess,* 144 AD2d 933; *People v Atkinson,* 122 AD2d 385, 386-387, *lv denied* 68 NY2d 912; *People v Tune,* 103 AD2d 990, 991) and, even more critically, gives no indication as to when the purported sales were made, thus providing no basis for a finding that the information was fresh *(see, People v Loewel,* 50 AD2d 483, 486-489, *affd* 41 NY2d 609; *see also, Rosencranz v United States,* 356 F2d 310, 316-317). Finally, the record of the police surveillance provides no means of determining whether the visitors to the 70 Liberty Street property went to the second floor apartment which was the subject of the search warrant *(see, People v Burks, supra).*

For the foregoing reasons, County Court should have suppressed the evidence obtained pursuant to the warrant. Because, absent that evidence, the People cannot establish a prima facie case, the indictment must be dismissed *(see,* CPL 470.20 [2]; *cf., People v Bouton,* 50 NY2d 130, 136).

Mahoney, P. J., Casey, Mikoll and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress tangible evidence granted and indictment dismissed.