■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNIE WILLIAMS and JOSE JOHNSON, Appellants. [603 NYS2d 96] —White, J. Appeals (1) from a judgment of the County Court of Columbia County (Zittell, J.), rendered February 13, 1992, upon a verdict convicting defendant Donnie Williams of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered February 13, 1992, upon a verdict convicting defendant Jose

Johnson of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree.

Defendants' appeals primarily focus on a search warrant issued by the City Court of the City of Hudson authorizing a search of a third-floor apartment at 124 Warren Street in the City of Hudson, Columbia County. Defendant Jose Johnson is also challenging a search warrant pertaining to apartment No. 913 Bliss Towers Apartments also located in Hudson. Defendants' motions to suppress the evidence seized in the searches were denied by County Court, which found that the applications for the warrants were supported by probable cause.

The application for the Warren Street warrant was supported by the affidavit of a detective sergeant of the Hudson Police Department. His belief that reasonable cause existed for the search arose from an affirmation of the District Attorney and three memoranda culled from the police files. The District Attorney's affirmation states that he met with an unnamed "citizen informant" who told him, *inter alia,* that a small quantity of drugs "may be stored in the third floor apartment of 124 Warren St.". According to the District Attorney, the informant had personal knowledge of this fact and had given the District Attorney credible information in the past.

It is settled law that an application for a search warrant based upon information supplied by an undisclosed informant must show both the reliability of the informant and the basis of knowledge *(see, People v Martinez,* 80 NY2d 549; *People v Griminger,* 71 NY2d 635). The People concede that the District Attorney's affirmation does not establish the informant's reliability. They maintain, however, that this deficiency is cured when the affirmation is considered along with the three memoranda from the police files.

In our view, the memoranda do not corroborate the informant's information because they do not contain any evidence indicating that illegal drugs could be found in the third-floor apartment at 124 Warren Street *(see, People v Johnson,* 66 NY2d 398; *People v Elwell,* 50 NY2d 231; *People v Feanny,* 177 AD2d 859). Thus, we conclude that County Court should have granted defendants' motions to suppress the evidence obtained pursuant to this warrant.

We find that Johnson cannot challenge the Bliss Towers

warrant because he did not sustain his burden of proving standing by showing that he had a legitimate expectation of privacy in the searched premises *(see, People v Wesley,* 73 NY2d 351). Without the evidence seized at Warren Street, the People cannot establish a prima facie case against defendant Donnie Williams. Consequently, the indictment against him must be dismissed *(see,* CPL 470.20 [2]). For the same reason, counts one and two of the indictment against Johnson must be dismissed. We will sustain his conviction of the crime of criminal possession of a controlled substance in the seventh degree as it is based on evidence seized at the Bliss Towers apartment.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment against defendant Donnie Williams is reversed, on the law, motion to suppress tangible evidence granted and indictment No. 90-026 dismissed. Ordered that the judgment against defendant Jose Johnson is modified, on the law, by reversing so much thereof as convicted him of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree; motion to suppress tangible evidence seized at 124 Warren Street, Hudson, New York, granted and counts one and two of indictment No. 90-026 dismissed; and, as so modified, affirmed.