■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL DAVIS, Appellant.—Judgment of the Supreme Court, Queens County, rendered June 20, 1974, and order of the same court, dated July 11, 1977 (upon an appeal by permission), affirmed. No opinion. Titone and Margett, JJ., concur; Hopkins, J. P., and Hawkins, J., concur in the result on the constraint of *People v Felder* (61 AD2d 309).

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGELO LAPI, WILLIAM GROSS, SAMUEL ROSENTHAL and SELINA MEYEROFF, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County, entered June 23, 1977, which, after a hearing, granted defendants' motion to controvert a search warrant and to suppress the evidence seized thereunder. Order reversed, on the law, and motion denied. Defendants were indicted for the crimes of promoting gambling in the first degree and possession of gambling records in the first degree. The indictment followed the search of an apartment in Brooklyn made pursuant to a search warrant signed on March 20, 1975. The defendants moved to controvert the search warrant and suppress the evidence seized thereunder on the ground that no probable cause existed for the issuance of the warrant. The Criminal Term granted defendants' motion. We reverse. The affidavit was executed by a police officer who, together with named police officers acting as his informants, was engaged in the investigation of illegal gambling. The officer who executed the affidavit upon which the warrant was based and one of the police informants listed therein were both experts in the subject of illegal gambling and were familiar with the "structure, functioning and modus operandi of illegal gambling." The lengthy affidavit supplied to the court prior to the issuance of the search warrant contained the observations of several police officers, including those of an expert in the field of illegal gambling, which indicated repeated and regularly timed behavior engaged in by known gamblers consistent with an illegal policy scheme. This repeated pattern of behavior observed by experienced police officers constituted more than guesswork; it amounted to probable cause *(People v Valentine,* 17 NY2d 128; *People v Tuzzino,* 54 AD2d 744). Accordingly, the defendants' motion should have been denied. Damiani, J. P., Suozzi, Rabin and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE LUCKY, Also Known as WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 25, 1975 (the date on the clerk's extract is July 28, 1975), convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress a confession on the grounds that he had been denied his right to counsel and was the victim of an illegal detention. Case remitted to Criminal Term to hear and report on the following issues: (1) whether defendant's mother requested the assistance of counsel prior to her son's confession; (2) whether the defendant was in custody at the time he was picked up for questioning; (3) if so, whether there was probable cause for such custody; and (4) if not, whether the illegal detention tainted the confession and rendered it infirm; and appeal held in abeyance in the interim. The record before us is insufficient to permit a determination of this appeal. Hopkins, J. P., Latham, Gulotta and Cohalan, JJ., concur.