■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CAROL WEYGANT AND MICHAEL NUCCI, Respondents.—Appeals by the People from (1) so much of an order of the County Court, Orange County, dated October 22, 1979, as granted the branch of defendant Nucci's motion which sought to controvert a search warrant and to suppress the evidence seized thereunder, and (2) a further order of the same court, dated November 21, 1979, which granted defendant Weygant's motion for similar relief. Order dated October 22, 1979 reversed insofar

as appealed from, and order dated November 21, 1979 reversed, on the law, defendant Weygant's motion is denied and the branch of defendant Nucci's motion which sought to controvert the search warrant, etc., is denied. Defendant Carol Weygant's apartment was searched pursuant to a warrant issued on June 13, 1979. Defendant Nucci was present during the search. Evidence recovered resulted in the indictment of both defendants for promoting gambling in the first degree (two counts) and for possession of gambling records in the first degree. The County Court granted defendants' motions to controvert the warrant and to suppress the evidence seized thereunder on the ground that no probable cause existed for its issuance. We reverse. The affidavit in support of the warrant was executed by a detective who was expert in the "methods, terminology and overall operation of an illegal numbers (policy) business." A reliable confidential informant identified defendant Weygant, who was known to the police to have been active in gambling operations in the past, as a "collector" in a certain policy operation. The affiant then observed Weygant receive "papers" from a convicted "runner" in his apartment on five consecutive weekdays in May and June, 1979. On several occasions, she secreted these papers in her bra. Then she returned to her apartment using different cars, none registered in her name, on different days. On one of the two days following the detective's five-day surveillance of Weygant, another man, known by the police to have been recently involved in a policy operation, picked up "papers" at the same address as had Weygant and then drove to the latter's apartment. The affiant also observed Weygant enter a store, suspected to be a meeting place for the principals of the operation, with "slips of papers" in her hand. These and other facts alleged in the affidavit amply established probable cause for the issuance of a warrant to search Weygant's apartment. A detective who was expert in the subject of illegal gambling observed "repeated and regularly timed behavior engaged in by known gamblers consistent with an illegal policy scheme" (see *People v Lapi*, 61 AD2d 825). Together with the confidential informant's tip and Weygant's criminal reputation, this activity amounted to probable cause (see *People v Valentine*, 17 NY2d 128). In light of our holding that there existed probable cause for the warrant, we do not consider the recent United States Supreme Court decisions in *United States v Salvucci* (448 US 83) and *Rawlings v Kentucky* (448 US 98) as they might apply to defendant Nucci's standing to raise the Fourth Amendment claim. Damiani, J. P., Mangano, Gulotta and Cohalan, JJ., concur.