■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HOWARD BURKS, Respondent.—Appeal by the People from an order of the County Court, Orange County (Charde, J.), dated October 20, 1987, which, without a hearing, granted the defendant's motion to suppress physical evidence. The notice of appeal from the oral decision of the same court dated December 16, 1986, is deemed a premature notice of appeal from the order dated October 20, 1987.

Ordered that the order is affirmed.

On April 24, 1986, pursuant to a search warrant, the police searched an apartment alleged to be the defendant's residence and seized, *inter alia,* over five ounces of cocaine. The defendant was charged with criminal possession of a controlled substance in the first degree. The basis for the search warrant was a combination of information provided by a confidential informant of "no known reliability" and the independent observations and knowledge of the police. The defendant moved to suppress the evidence on the ground that the warrant was not supported by probable cause because the informant was unreliable or, in the alternative, for a hearing on this issue. The court granted a hearing and directed that, with respect to all testimony concerning the confidential informant, the procedures set forth in *People v Darden* (34 NY2d 177), would be followed. When the People were unable to locate the confidential informant for the *Darden* hearing, the court directed the People to disclose the identity and last known whereabouts of the informant to the defense. The People refused and requested an in camera hearing. Consequently, the court granted the motion and suppressed the physical evidence.

The court's granting of the motion to suppress on the stated ground was improper. The prosecutor's refusal to disclose the identity of an informant was not a permissible basis for suppressing evidence because the refusal did not affect the legality of the search and seizure *(see,* CPL 710.20 [1]).

However, we affirm the suppression of the evidence for different reasons. The facts stated in the affidavit in support of

the search warrant were insufficient for its issuance. Under the *Aguilar-Spinelli* rule *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), which is currently applicable in this State *(see, People v Bigelow,* 66 NY2d 417, 423), probable cause may be based upon a tip from an informant provided that it is shown (1) that the informant is reliable, and (2) that the informant had a sufficient basis for his knowledge *(see, People v West,* 44 NY2d 656, 657).

In this case, the "basis for knowledge" prong of the test was established by the statements of the informant that the basis for the information was the direct purchase of drugs from the defendant at his home *(see, People v Reichbach,* 131 AD2d 515). However, the indicia of the informant's reliability were inadequate to satisfy the first prong of the test.

Although "no one factor is the *sine qua non* of reliability" *(People v Rodriguez,* 52 NY2d 483, 489), factors which may be relied upon to establish an informant's reliability include past instances of reliability, that the informant provided the information under oath, that the information provided was contrary to the informant's penal interest *(see, People v Johnson,* 66 NY2d 398, 403-404), and "personal observation by the police of sufficient details corroborative of the informant's data to indicate that he knew whereof he spoke" *(People v Elwell,* 50 NY2d 231, 237). In this case, the informant was unidentified and did not appear before the warrant-issuing court. Moreover, the affidavit in support of the warrant stated that the informant was of "no known reliability." Under the circumstances of this case, the only factors which could possibly support a finding of reliability are that the informant's statements were against his penal interest and that the police independently corroborated sufficient details of the information provided. For the reasons stated below, these factors must also fail.

The statement by the informant that he had, on some unspecified past occasions, purchased cocaine from the defendant was not likely to be used against him *(see, People v Griminger,* 127 AD2d 74, 82). Thus, the statement was not sufficiently contrary to the informant's penal interest to establish reliability.

Furthermore, few details were independently corroborated by the police, and those that were corroborated were of limited significance. Most significantly, the police did not corroborate that drugs were being sold from the defendant's apartment. They merely established that cocaine was obtainable from the same apartment building in which the defendant

resided. The corroborated details need not be criminal in nature *(People v Elwell, supra,* at 237); however, they must establish "good reason to believe" that the informant was telling the truth *(People v Rodriguez, supra,* at 489). In this case, the only corroborated information was the defendant's name and address and the name of the woman who lived with the defendant. Although the informant allegedly made a "controlled buy" of cocaine on behalf of the police, the police did not verify that the purchase actually took place at the defendant's apartment, nor did they verify the existence of a hole in the door to the defendant's apartment through which the informant claimed he sold cocaine. Thus, it was entirely possible that the informant obtained the cocaine purchased in the "controlled buy" from another apartment or a public area of the building. The presence of cocaine in the building was as consistent with the defendant's innocence as with guilt and added little, if anything, to the credibility of the informant *(see, People v Edwards,* 69 NY2d 814, 816; *People v Yedvobnik,* 48 NY2d 910, 911).

Finally, the defendant's criminal record for drug-related offenses, which was included in the affidavit in support of the search warrant, did not constitute corroboration sufficient to establish the reliability of the informant, who had not provided information in those prior cases *(see, People v Johnson, supra,* at 405; *People v Griminger, supra,* at 82; *cf., People v Alaimo,* 34 NY2d 187, 189). Accordingly, the search warrant in this case failed to meet the *Aguilar-Spinelli* test, and the evidence obtained pursuant to the warrant must be suppressed. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.