OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant contends that probable cause for the issuance of a warrant to search his home was lacking because the affidavit supporting the warrant application failed to establish a nexus between his home, located at 130-12 Inwood Street in Queens, and the alleged criminal narcotics activity on a nearby streetcorner. The affiant asserted that he observed defendant’s brother entering the home after engaging in apparent drug sales at the intersection adjacent to his home and, after leaving the home, possessing a clear plastic bag from which he repeatedly retrieved small plastic baggies for apparent narcotics transactions. Additionally, the affidavit avers that defendant’s brother returned to that address after receiving money from others engaged in apparent and confirmed drug sales at the intersection, and that another suspected dealer was seen retrieving a bag of drugs from a car parked in the private driveway at 130-12 Inwood Street for apparent sales on the same corner. Contrary to defendant’s contentions, the record contains "information sufficient to support a reasonable belief that * * * evidence of a crime may be found” at the targeted location, and thus supports the finding of probable cause below
 
 (People v Bigelow,
 
 66 NY2d 417, 423; see
 
 also,
 
 GPL 690.10 [4]; 690.40 [2]).
 

 Defendant also argues that he was denied effective assistance of counsel by his attorney’s failure to object to the admission of previously suppressed statements. A review of the record and the circumstances of the case leads us to conclude that defense counsel’s omission, adequately explained on the record as trial strategy — albeit unsuccessful — did not
 
 *859
 
 deprive defendant of meaningful representation
 
 (see, People v Jackson,
 
 70 NY2d 768, 769;
 
 People v Baldi,
 
 54 NY2d 137, 146).
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 Order affirmed, in a memorandum.