■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELVIN AMIEL and JANINE TARSIO, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT BECKER and ANDREW BECKER, Respondents. [624 NYS2d 212] —Appeal by the People from two orders of the County Court, Orange County (Byrne, J.), both dated February 8, 1993, which granted those branches of the respective omnibus motions of the defendant Melvin Amiel and Janine Tarsio under Indictment No. 92-00272, and the respective omnibus motions of the defendants Robert Becker and Andrew Becker under Indictment No. 92-00387, which were to controvert a supplemental search warrant and suppress evidence seized thereunder.

Ordered that the orders are reversed, on the law, those branches of the defendants' respective omnibus motions are denied, and the matters are remitted to the County Court, Orange County, for further proceedings consistent herewith.

A supplemental search warrant was issued on November 27, 1991, authorizing, *inter alia,* the search of a residential prem-

ises in the City of Newburgh, and two residential premises in the Town of New Windsor, for evidence of illegal gambling.

The defendants were indicted for various gambling offenses, based upon evidence seized upon the execution of the warrant on December 1, 1991.

The County Court granted the branches of the defendants' respective omnibus motions which were to controvert the supplemental search warrant and suppress evidence seized thereunder, on the ground that the facts contained in the supplemental affidavit submitted in support of the application for the warrant, including information supplied by a confidential informant, did not establish probable cause. We disagree with the County Court's determination.

The two-pronged *Aguilar-Spinelli* test is used in this State in probable cause determinations when evaluating hearsay information from an undisclosed informant *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). "Under this test, the applications for a search warrant must demonstrate to the issuing Magistrate (i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge" *(People v Griminger,* 71 NY2d 635, 639).

In its decision, the County Court correctly acknowledged that the confidential informant was "reliable", based upon his past history. The confidential informant, an admitted bettor, disclosed to the police the existence of an illegal gambling operation covering professional and college football games. The informant disclosed that the "wire room" of this gambling operation was located at a residential premises in Newburgh, New York, and was maintained by the defendant Robert Becker, brother of the defendant Andrew Becker, who owned and resided at the premises. The information supplied by the informant was corroborated, *inter alia,* by (1) observations by the police during October and November 1991 of a pattern of activities at the Newburgh and New Windsor premises, approximately an hour before game time and a half hour thereafter, which were consistent with an illegal gambling operation, and (2) an analysis of telephone records, obtained by court order and listed to the Newburgh premises, indicating numerous outgoing calls to a particular number which, according to "expert opinion" (as characterized by the suppression court) was a "sports line" used by bookmakers to establish their "point lines". These facts, which were disclosed to the issuing Magistrate, were sufficient to establish probable

cause *(see, People v Nucci,* 79 AD2d 667; *People v Hanlon,* 36 NY2d 549; *People v Elwell,* 50 NY2d 231, 237; *People v Tambe,* 71 NY2d 492; *see also, Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 119, 121).

Accordingly, the branches of the defendants' respective motions which were to controvert the search warrant and suppress evidence seized thereunder should have been denied. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.