■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE MOSES, Appellant. [625 NYS2d 72] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Demakos, J.), both rendered May 11, 1993, convicting him of (1) robbery in the first degree, robbery in the second degree, and grand larceny in the third degree under Indictment No. 1677/92, upon a jury verdict, and (2) robbery in the first degree, upon his plea of guilty, under Indictment No. 1791/92, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant's contention that his guilt under Indictment No. 1677/92 was not proven by legally sufficient evidence is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt under Indictment No. 1677/92 was not against the weight of the evidence (see, CPL 470.15 [5]).

Although the circumstances of the defendant's arrest could have been more fully developed at the hearing, the testimony presented was nonetheless sufficient to establish that the arrest was supported by probable cause. That the information leading to the defendant's arrest was supplied by an arrestee who was himself a suspect, having been found in possession of the stolen car, does not make the information inherently unreliable (see, People v Nunez, 186 AD2d 764). On the contrary, an informant in custody and facing charges has a strong motivation to tell the truth, since misleading the police would worsen his predicament (see, People v Comforto, 62 NY2d 725, 727; People v Rodriguez, 52 NY2d 483, 490).

Here, the informant's reliability was demonstrated since the police, by accompanying the informant to the rendezvous with the defendant, corroborated by their own investigation and personal observation the informant's claim that he had arranged to meet the defendant in order to return the car in question (see, People v Elwell, 50 NY2d 231, 237). The defendant concedes that the informant's basis of knowledge was never in dispute since plainly, the informant was in the car when he was arrested and therefore had personal knowledge of who had given him the car. Accordingly, the hearing court properly concluded that the informant was reliable and that he disclosed a sufficient basis for his knowledge (see, Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108; People v Parris, 83 NY2d 342).

The defendant's sentences were not excessive (see, People v Suitte, 90 AD2d 80, 83). Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.