■ The People of the State of New York, Respondent, v Mauricio Parker, Appellant. [630 NYS2d 817] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered November 6, 1992, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 21, 1991, a civilian witness, who was also a "registered" informer, told a police officer of the existence of a plan to transport two kilograms of cocaine, a plan in which the witness himself was admittedly to play a role. This witness informed the officer that, driving his registered livery vehicle, he was about to pick up two individuals at 144-45 73rd Avenue, and to drive them, together with their two kilograms of cocaine, to a location outside of the State. The witness then cooperated with this officer and other officers in devising a method by which the two suspects could be apprehended.

A group of officers and the citizen witness, in accordance with the pre-arranged scheme, traveled in separate vehicles to 144-45 73rd Avenue. After a brief pause, two men came out of the building and entered the witness's vehicle. The witness immediately flashed the vehicle's lights twice, and, in accordance with his prior agreement with the police, this constituted a signal that his two passengers did in fact have cocaine. The witness then drove off, followed by the police.

In accordance with the preconceived plan, the civilian witness made an illegal lane change, a maneuver to which the police responded by intervening and stopping the witness's cab. One officer approached the cab, opened the door, and saw one of the men, whom he identified as the codefendant *(see, People*

*v Betancourt,* 218 AD2d 706 [decided herewith]), push some kind of object to the floor. Believing that the object might be a weapon, the officer removed the two men from the car, and, upon subsequent inspection of the package, found it to contain cocaine. The occupants of the cab, including the civilian informant, were placed under arrest; the informant was later released.

On appeal, the defendant argues that the cocaine seized from the informant's vehicle should have been suppressed. He argues that the traffic infraction was a "pretext" for stopping the car, and that the People failed to establish the veracity of the witness upon whose information the police relied *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108). We do not agree with these, or any of his other arguments.

Reduced to its essentials, this case involves a known civilian witness who, communicating via the flashing of his car's lights, confirmed to onlooking police officers that the two men in his car had a quantity of cocaine, and who implicitly invited the officers to conduct a search of the car in order to verify this claim. Although the police officers then enacted a sham traffic stop, this was done with the previously-obtained knowledge and consent of the witness, who, as the driver of the car, obviously had the right to stop it at will. Every significant detail of the witness's earlier statement, given in a face-to-face meeting with police—the number of men involved, the location and time of the pick-up—had been confirmed. This established probable cause to believe the two men in the witness's car were in possession of narcotics.

The "veracity" or "reliability" component of the *Aguilar-Spinelli* test *(see, Spinelli v United States, supra; Aguilar v Texas, supra)* may be satisfied upon proof that the police officers whose actions are challenged had independently verified details of the informant's statement *(see, People v DiFalco,* 80 NY2d 693; *see also, People v Adrion,* 82 NY2d 628). "Here, the informant's reliability was demonstrated since the police, by accompanying the informant to the rendezvous with the defendant, corroborated by their own investigation and personal observation the informant's claim that he had arranged to meet the defendant in order to [transport narcotics]" *(People v Moses,* 214 AD2d 587, 588 citing *People v Elwell,* 50 NY2d 231, 237).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.