■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO WILLIAMS, Also Known as ALFONSA WILLIAM, Appellant. [667 NYS2d 936] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered May 13, 1996, convicting him of criminal posses-

sion of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the search warrant application contained ample specific factual allegations of criminal conduct to justify the issuance of the warrant (*see, e.g., People v Santarelli,* 148 AD2d 775). Furthermore, the People demonstrated that the confidential informant who provided information to the police was reliable and had personal knowledge of the unlawful activity alleged in the application, since that information was corroborated in every relevant respect by the personal observations of police officers who utilized the informant in conducting three controlled drug "buys" at the subject location over the two-day period immediately preceding the issuance of the warrant (*see generally, People v DiFalco,* 80 NY2d 693; *People v Comforto,* 62 NY2d 725; *People v Parker,* 218 AD2d 713; *People v Lisk,* 216 AD2d 851; *People v Amiel,* 213 AD2d 657). Accordingly, the warrant was supported by probable cause.

The defendant's remaining challenges to the validity of the search warrant are either unpreserved for appellate review or without merit.

By pleading guilty before the County Court could conduct a hearing on his application to suppress inculpatory statements, the defendant has foreclosed appellate review of any issue regarding the voluntariness or admissibility of those statements (*see, e.g., People v Fernandez,* 67 NY2d 686; *People v Kinchen,* 60 NY2d 772; *People v Charleston,* 54 NY2d 622). Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.