■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDY ABAD, Appellant. [720 NYS2d 61] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered July 17, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 8⅓ years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The hearing court (171 Misc 2d 744) correctly determined that the livery cab in which defendant was a passenger was stopped with the consent of the driver/owner, who was a participant in a program wherein he registered with the Police Department, giving his consent to have the police stop the cab for limited visual inspections and safety inquiries. The driver/owner posted decals on the vehicle alerting the police and the riding public that such anticipatory consent had been given. There is nothing unconstitutional about such a program (*see, United States v Woodrum,* 202 F3d 1, 8-13). Thus, the stop was properly made on the basis of the driver's consent, which was binding on defendant-passenger (*see, People v Lane,* 10 NY2d 347, 353; *People v Parker,* 218 AD2d 713, *lv denied* 86 NY2d 874). The opening of the car doors was justified by defendant's movements, which gave rise to the officers' reasonable suspicion that defendant might have a weapon (*see, People v Worthy,* 261

AD2d 277, *lv denied* 93 NY2d 1029), and the drugs in plain view, recognizable by their packaging, were properly seized. We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J. P., Tom, Mazzarelli and Ellerin, JJ.