■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD J. KEYES, JR., Also Known as J.R. KEYS, Appellant. [738 NYS2d 678] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered July 17, 1996, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree, and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People demonstrated that the confidential informant who provided information to the police was both reliable and had personal knowledge of the unlawful activity alleged in the application for a search warrant, since that information was corroborated in every relevant respect by the personal observations of a police officer who utilized the informant in conducting two drug purchases arranged by the police (*see, People v Williams,* 247 AD2d 415). Accordingly, the search warrant was supported by probable cause.

The defendant contends that he was denied his right to be present at the *Sandoval* hearing (*see, People v Sandoval,* 34 NY2d 371). However, the record indicates that he was in fact present. There is a presumption of regularity that attaches to all judicial proceedings (*see, People v Washington,* 246 AD2d 676). Therefore, absent any evidence to rebut this presumption, the defendant's claim that he was deprived of his right to be present at the *Sandoval* hearing (*see, People v Dokes,* 79 NY2d 656) cannot be sustained (*see, People v Robinson,* 191 AD2d 523).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.