■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRUCCIANI, Appellant. [919 NYS2d 54]—

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress the physical evidence seized from his apartment pursuant to a search warrant. Although the defendant challenges the reliability of the hearsay information provided by a confidential informant in the search warrant application, that application amply demonstrated the informant's reliability. The application recited that the confidential informant was registered with the Rockland County Narcotics Task Force (hereinafter the Task Force) and had been working with the Task Force since March 2009. Moreover, the application also recited, inter alia, that the informant, wearing an electronic listening and recording device, made two controlled buys of marijuana and attempted a third buy, all while under police supervision and surveillance, and police investigators were able to substantially corroborate key details of the transactions through their own observations (*see People v Vargas*, 72 AD3d 1114, 1115-1116 [2010]; *People v Tarver*, 292 AD2d 110, 115 [2002]; *People v Keyes*, 291 AD2d 571 [2002]; *People v Williams*, 247 AD2d 415, 416 [1998]; *People v Lavere*, 236 AD2d 809 [1997]; *People v Davenport*, 231 AD2d 809, 810 [1996]; *People v Miner*, 126 AD2d 798, 799-800 [1987]). Accordingly, the search warrant was properly upheld as valid. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.