*667 OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor, and one count of unlawful possession of marijuana (Penal Law § 221.05), a violation.*
By motion dated June 29, 2012, defendant seeks leave to renew, pursuant to CPLR 2221 (e), his motion dated October 4, 2011 to controvert the search warrant. That motion was denied by this court’s order dated November 7, 2011.
For the reasons stated below, defendant’s motion to renew his motion to controvert the search warrant is denied.
As noted in this court’s decision of November 7, 2011, defendant was arrested on May 18, 2011 after the execution of a search warrant at apartment 3F of 1782 Bay Ridge Parkway, Brooklyn, New York. Among the items recovered during the search of the premises were one ziplock bag of marijuana, one marijuana cigar, and one ziplock bag of cocaine residue.
In its prior decision, this court applied the “two-pronged” test of Aguilar v Texas (378 US 108 [1964]) and Spinelli v United States (393 US 410 [1969]), which the New York Court of Appeals adopted in People v Griminger (71 NY2d 635 [1988]), and found that
“the information presented to the issuing court. . . established probable cause for Justice Calabrese to issue the search warrant on said date. Further, this Court finds that it was reasonable for Justice Calabrese to rely upon Police Officer Essence Jackson’s warrant application. The application confirms that the confidential informant exists, was reliable, and had a basis for the knowledge they communicated to the police and the court.” (People v Miles, Crim Ct, Kings County, Nov. 7, 2011, Wilson, J., docket No. 2011KN039597, slip op at 7.)
In seeking renewal of his initial motion to controvert the search warrant, defendant relies upon the case of People v Johnson (35 Misc 3d 1233[A], 2012 NY Slip Op 50988[U] [Crim Ct, Kings County 2012]). Defendant asserts that “[i]n the Johnson case, a hearing pursuant to People v Darden was ordered on *668 facts nearly identical to the instant case.” (See defendant’s motion dated June 29, 2012 at 3.) However, save for the fact that the confidential informant did not appear before the court that issued the search warrant, Johnson is easily distinguishable from the instant matter.
In Johnson, the court ordered a hearing pursuant to People v Darden (34 NY2d 177 [1974]) to determine whether or not there was probable cause for the issuance of a warrant. Johnson relies upon the holding of People v Burks (134 AD2d 604 [2d Dept 1987]). There, a Darden hearing was ordered “[b]ecause the police did not verify that the purchase [of narcotics made by the confidential informant] actually occurred at defendant’s apartment, but merely that it came from the same building in which defendant’s apartment was located.” (Johnson, 2012 NY Slip Op 50988[U], *2.)
In Johnson, “the informant made two so-called ‘controlled buys’ in each of which he or she entered the six-story apartment building in which the target apartment is located and . . . allegedly purchased crack cocaine from an individual in the apartment” (2012 NY Slip Op 50988[U], *1). As in Burks, the specific apartment of the purchase was not identified, leading the court to conclude “that the informant may have obtained the cocaine from another apartment or a public area of the building.” (Johnson, 2012 NY Slip Op 50988[U], *2.)
In the instant matter, the specific apartment where the “controlled buys” were made is identified, that being apartment 3F of 1782 Bay Ridge Parkway, Brooklyn, New York.
Further, in Burks “the affidavit in support of the warrant stated that the informant was of ‘no known reliability.’ ” (Burks, 134 AD2d at 605; see also People v Shaw, 23 Misc 3d 1132[A], 2009 NY Slip Op 51052[U], *5 [Rochester City Ct 2009].) In the instant matter,
“the confidential informant had previously participated in ‘the issuance and execution of 11 search warrants in Kings County. The execution of 9 of these search warrants led to the recovery of weapons, ammunition, controlled substances, marijuana, paraphernalia, and United States Currency, and led to the arrest and prosecution of at least 10 individuals in Kings County.’ See, Affidavit of Police Officer Essence Jackson , sworn to May 12, 2011, p 1, para 2.” (See People v Miles, Crim Ct, Kings County, Nov. 7, 2011, Wilson, J., docket No. 2011KN039597, slip *669 op at 7.)
In fact, Johnson cites to cases more recent than Burks, which hold that a Darden hearing is unnecessary where “the information provided by the confidential informant [is] corroborated ‘in every relevant respect by the personal observations of police officers who utilized the informant in conducting’ multiple controlled buys.” (Johnson, 2012 NY Slip Op 50988[U], *2, quoting People v Keyes, 291 AD2d 571, 571 [2d Dept 2002], and citing People v Williams, 247 AD2d 415 [2d Dept 1998], lv denied 92 NY2d 863 [1998], and People v Joshua, 286 AD2d 343 [2d Dept 2001], lv denied 97 NY2d 706 [2002].)
This line of authority has been consistently followed by the Second Department. (See People v Brucciani, 82 AD3d 1001 [2d Dept 2011], and cases cited therein; People v Hunter, 56 AD3d 684 [2d Dept 2008].)
Following this line of authority, this court found that the information received from the confidential informant, which was detailed in Officer Jackson’s affidavit, was corroborated “in every relevant respect by the personal observations of the police officers who utilized the informant in conducting’ multiple controlled buys.”
This language from this court’s decision of November 7, 2011 should also be emphasized:
“Courts have found probable cause for the issuance of a search warrant so long as the ‘information presented the issuing judge . . . (is) “sufficient to support a reasonable belief that. . . evidence of a crime (might) be found” at the premises . . . and that it was more probable than not that criminal activity was taking place at the place to be searched.’ See People v. Pinchback, 187 AD2d 540, 541, 589 NYS2d 600 (2d Dept 1992), affd, 82 NY2d 857, 609 NYS2d 158 (1993); citing, People v. Bigelow, 66 NY2d 417, 423, 497 NYS2d 630 (1985). Thus, there is no per se requirement that the issuing court conduct an examination of the confidential informant before issuing a search warrant based upon information that individual presents to an Officer, who then provides that information to a Court in the form of a sworn affidavit.” {See People v Miles, Grim Ct, Kings County, Nov. 7, 2011, Wilson, J., docket No. 2011KN039597, slip op at 7 [emphasis added].)
It should also be noted that the procedure endorsed in Johnson calls for the police to “verify that the purchase actually oc *670 curred at defendant’s apartment” (Johnson, 2012 NY Slip Op 50988[U], *2). To accomplish this, the police would be required to have officers stationed outside of the drug seller’s apartment, watching the confidential informant make contact with the drug seller. It takes very little imagination to see the physical dangers such close police surveillance of a drug transaction would entail for both the police and the confidential informant.
Accordingly, defendant’s motion to renew his motion to controvert the search warrant pursuant to CPL article 710 and suppress any evidence recovered pursuant to the search warrant is hereby denied in its entirety.
All other arguments advanced by defendant have been reviewed and rejected by this court as being without merit.

 Defendant was also initially charged with one count of endangering the welfare of a child (Penal Law § 260.10), however, that charge was never converted and was dismissed on September 7, 2011 pursuant to CPL 30.30.