■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN SLATER, Also Known as STRESS, Appellant. [35 NYS3d 452]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered October 1, 2013, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant and to suppress physical evidence seized in the execution thereof.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant preserved for appellate review his arguments regarding the validity of a search warrant by making these arguments in connection with that branch of his omnibus motion which was to controvert the warrant and to suppress physical evidence seized in the execution thereof (*see* CPL 470.05 [2]; 710.70 [2]; *cf. People v Clarke*, 66 AD3d 693, 694 [2009]). Also contrary to the People's contention, the defendant's purported waiver of his right to appeal the suppression determination is invalid, as the record does not demonstrate that the defendant understood that the right to appeal a suppression determination is separate and distinct from those rights automatically forfeited upon a plea of guilty (*see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]).

Contrary to the defendant's contention, however, the County Court properly denied that branch of his omnibus motion which was to suppress the physical evidence seized pursuant to the search warrant. The search warrant application demonstrated that the confidential informant who provided information to the police was reliable and had personal knowledge of the unlawful activity alleged in the application, as that information was corroborated by the personal observations of police officers

who used the confidential informant in conducting three controlled purchases of narcotics from the defendant (*see People v Brucciani*, 82 AD3d 1001, 1002 [2011]; *People v Keyes*, 291 AD2d 571 [2002]; *People v Joshua*, 286 AD2d 343, 344 [2001]).

By pleading guilty, the defendant forfeited his right to seek review of any alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]; *People v Nelson*, 137 AD3d 948 [2016]; *People v Leach*, 115 AD3d 677, 679 [2014], *affd* 26 NY3d 1154 [2016]; *People v Huggins*, 105 AD3d 760, 761 [2013]).

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.