People v Coleman (2019 NY Slip Op 07272)





People v Coleman


2019 NY Slip Op 07272


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-08740
 (Ind. No. 983/16)

[*1]The People of the State of New York, respondent,
v Windsor K. Coleman, appellant.


Alan Katz, Garden City Park, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan, Barbara Kornblau, and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William C. Donnino, J.), rendered June 30, 2017, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the second degree (two counts), and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification testimony. 
ORDERED that the judgment is affirmed.
Since the People did not offer identification testimony at trial from the confidential informant who identified the defendant from a photo array, the defendant's contention that the hearing court erred in denying suppression of identification testimony is academic (see People v Jones, 131 AD3d 1179, 1179-1180; People v Harris, 68 AD3d 783, 783).
"To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place'" (People v Murray, 136 AD3d 714, 714, quoting People v McCulloch, 226 AD2d 848, 849; see People v Augustus, 163 AD3d 981, 982). Where probable cause is established through hearsay information provided by a confidential informant, the warrant application must also demonstrate both the veracity and reliability of the source of the information, and the basis of the informant's knowledge (see People v Griminger, 71 NY2d 635, 639). There is "no one acid test of reliability" (People v Rodriguez, 52 NY2d 483, 489). A confidential informant will be considered reliable "where details of his [or her] story have been confirmed by police observation" (id. at 489; see e.g. People v Slater, 141 AD3d 677, 677-678; People v Brucciani, 82 AD3d 1001, 1002).
We agree with the denial of the defendant's application to controvert a search warrant authorizing a search of his home, which was predicated on certain controlled buys of heroin by a confidential informant. The police affidavit submitted in support of the search warrant application contained ample factual allegations of criminal conduct at the defendant's home to justify the issuance of the warrant (see People v Murray, 136 AD3d at 714). Moreover, the factual allegations [*2]in the police affidavit were sufficient to demonstrate that the confidential informant who performed the buys was reliable (see People v Magny, 162 AD3d 1072, 1073; People v Slater, 141 AD3d at 677-678; People v Brucciani, 82 AD3d at 1002; People v Keyes, 291 AD2d 571).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court