People v Lambey (2021 NY Slip Op 04764)





People v Lambey


2021 NY Slip Op 04764


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-07988
 (Ind. No. 179/17)

[*1]The People of the State of New York, respondent,
v
Darnell Lambey, appellant.


McCabe Coleman Ventosa & Patterson PLLC, Poughkeepsie, NY (David L. Steinberg of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered June 12, 2018, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant. By decision and order dated October 30, 2019, this Court remitted the matter to the County Court, Dutchess County, for an order directing the People to provide defense counsel with redacted copies of the search warrant applications at issue, and for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to controvert the search warrant (People v Lambey, 176 AD3d 1232). The appeal was held in abeyance pending receipt of a report from the County Court. The County Court has filed its report.
ORDERED that the judgment is affirmed.
"To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Coleman, 176 AD3d 851, 851 [internal quotation marks omitted]). "There is a strong judicial preference for search warrants . . . and courts should not analyze applications in a grudging or hypertechnical manner when determining whether they meet constitutional standards" (People v Williams, 249 AD2d 343, 344 [citation and internal quotation marks omitted]). Where probable cause is established through hearsay information provided by a confidential informant, the warrant application must also demonstrate both the veracity and reliability of the source of the information and the basis of the informant's knowledge (see People v Griminger, 71 NY2d 635, 639). There is "no one acid test of reliability" (People v Rodriguez, 52 NY2d 483, 489). A confidential informant will be considered reliable "where details of his [or her] story have been confirmed by police observation" (id. at 489; see People v Slater, 141 AD3d 677, 677-678).
The County Court properly denied that branch of the defendant's omnibus motion which was to controvert the search warrant and to suppress physical evidence found upon its execution. The police affidavit submitted in support of the second search warrant application [*2]contained ample factual allegations of criminal conduct at the apartment wherein the defendant was residing to justify the issuance of the warrant (see People v Murray, 136 AD3d 714, 714). Moreover, contrary to the defendant's contention, the factual allegations in the police affidavit were sufficient to demonstrate that the confidential informant who provided information to the police was reliable, as that information was corroborated by personal observations by the police and the two controlled purchases of crack cocaine from the defendant made by an undercover officer (see generally People v Slater, 141 AD3d at 677-678; People v Brucciani, 82 AD3d 1001, 1002).
The identity of the confidential informant was properly established at the Darden hearing (see People v Darden, 34 NY2d 117).
Contrary to the People's contention, it was improper for the County Court to consider a DVD exhibit during the hearing. However, the admission of the DVD into evidence does not constitute reversible error, as the second search warrant application provided sufficient evidence to find that probable cause existed without consideration of the DVD (see generally People v Clarke, 173 AD2d 550, 550).
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court