| |
|---|
| **People v Portillo** |
| 2022 NY Slip Op 34791(U) |
| July 15, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 22-70383 |
| Judge: Anne E. Minihan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

-against-

JULISA GOMEZ PORTILLO,

Defendant.
-------------------------------------------------------------------X

FILED
AND ENTERED
ON 7-15 2022
WESTCHESTER
COUNTY CLERK

FILED
JUL 21 2022
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

DECISION & ORDER
Indictment No. 22-70383

MINIHAN, J.

Defendant, Julisa Gomez Portillo, charged by Westchester County Indictment Number 22-70383 with Vehicular Assault in the First Degree (Penal Law § 120.04[1]), Aggravated Driving While Intoxicated: Per Se (Vehicle and Traffic Law § 1192[2-a][a]), Driving While Intoxicated (Vehicle and Traffic Law § 1192[3]), and Assault in the Third Degree (Penal Law § 120.00[3]), has filed a post-omnibus motion[1] consisting of a Notice of Motion, an Affirmation in Support, and a Memorandum of Law. In response, the People filed an Affirmation in Opposition together with a Memorandum of Law.

I.

MOTION for DISCOVERY and MOTION to STRIKE the
CERTIFICATES of COMPLIANCE and DECLARE the PEOPLE'S
STATEMENTS of READINESS INVALID

Defendant moves this Court for an order striking the People's Certificates of Compliance and to declare the People's Statements of Readiness for trial invalid. Specifically, defendant argues that the People did not provide to defendant, until June 6, 2022, a copy of the letter they faxed to the Westchester Medical Center requesting that blood samples drawn from defendant for medical purposes (hereinafter "hospital blood") on November 7, 2021 be preserved. Defendant also argues that there is outstanding discovery that the People have not provided, in accordance with CPL 245.20(1)(c), such as the name, contact information, and qualifications of the person who drew the hospital blood and therefore, the People are not ready for trial.

When defendant was arraigned in the Westchester County Court on March 8, 2022, the People filed a Certificate of Compliance (hereinafter "COC") and a Statement of Readiness (hereinafter "SOR").

In their Answer to the instant motion, the People indicate that they provided discovery to defendant on December 9, 2021 and on the following dates in 2022: February 4, February 10, February 17, February 23, March 1, March 2, April 14, May 9, and May 13. Both sides agree that subsequent to the Court's Decision and Order on the omnibus motion, the People uploaded discovery to the portal on the following dates in 2022: May 31, June 3, June 6, June 9, June 10, June 13, June 14, and June 21. The People filed a supplemental COC and SOR on May 31, 2022 and filed a second supplemental COC and SOR on June 30, 2022, after defendant's instant motion was filed.

---

[1] This Court previously decided defendant's omnibus motion by Decision and Order dated May 26, 2022. Defendant now brings an additional pre-trial motion which the Court entertains, pursuant to CPL 255.20(3).

The discovery uploaded to the portal on June 6, 2022 contained the results of the hospital blood[2] and included a copy of the facsimile from the Westchester County District Attorney's Office to the Westchester Medical Center sent on November 8, 2021 requesting that defendant's blood and urine samples be held and preserved. It appears, based on the papers of both parties, that this is the only piece of discovery that the People had in their possession but was not timely turned over. It clearly was in the People's possession during the seven-month period since it was a document generated by them. In the People's papers, they do not give a reason why it was not turned over promptly, but argue it was not discoverable, as it was "correspondence pertaining to an administrative concern." This Court finds the letter discoverable pursuant to CPL 245.20(1)(j) and untimely disclosed, but also finds that the belated disclosure of this one item did not prejudice defendant in any way (*see People v Bruni*, 71 Misc 3d 913, 925 [County Ct, Albany County 2021] [holding that for belated disclosures, the Legislature provided for sanctions under CPL 245.80 upon a showing of prejudice by defendant]). Notably, defendant does not give a reason why she was prejudiced by not having this one letter sooner. Defendant would have known that the hospital blood was taken from her, or indeed, would have seen as such in her medical records. Moreover, all of the other discovery materials were turned over to defendant as soon as they came into existence or upon the District Attorney's Office receiving them from the various police agencies and laboratories involved in the case.

Defendant argues that the People's COC and SOR filed on March 8, 2022 must be deemed invalid because the People did not move with due diligence to obtain the hospital blood and thus were not actually ready for trial on March 8, 2022 without this "critical evidence." The People did not need the hospital blood to be ready for trial in this matter. The People could have chosen to proceed with the blood samples obtained pursuant to court order on November 7, 2021 which revealed a blood alcohol content of .25 of one per centum by weight. The People have a right to continue to investigate a case and gather evidence. "There is nothing in CPL 30.30 to preclude the People from declaring their present readiness, but still gathering additional evidence to strengthen their case" (*People v Wright*, 50 AD3d 429, 430 [1st Dept 2008] [finding the People's SOR was not illusory simply because they were not yet in possession of forensic evidence and medical records that ultimately strengthened their case]).

Defendant further argues that the People's supplemental COC and SOR filed on May 31, 2022 must also be deemed invalid and illusory since the People filed discovery on at least seven additional dates after then[3] and still have not provided defendant with the name, contact information, or credentials of the person who drew the hospital blood. Defendant argues that without this witness identified, the prosecution is not actually ready for trial. Defendant moves for continued discovery compliance and for all COCs and SORs to be deemed invalid and illusory for this reason. As set forth in the People's papers, the People exercised due diligence and good faith in fulfilling their discovery obligations in compliance with CPL 245.20(2). The People continually provided discovery to defendant as it became available and they indicate they will do the same once they learn the identity of the person who drew the hospital blood. The hospital is not in the custody and control of the District Attorney's Office nor is it an agent acting on behalf of law enforcement and as such, it is reasonable that this information has not yet been ascertained or provided to the District Attorney's Office. The assigned prosecutor is directed to turn this information over to defendant forthwith when it becomes known.

---

[2] A search warrant for the seizure of the hospital blood was signed by this Court on or about May 26, 2022.

[3] As mentioned *supra*, the People filed a second supplemental COC and SOR on June 30, 2022, after defendant's instant motion was filed.

2

For these reasons, the Court finds the People's COCs and SORs valid.

II.

## MOTION to CONTROVERT the SEARCH WARRANT and
## SUPPRESS the RESULT of the HOSPITAL BLOOD

Defendant moves this Court to controvert the search warrant issued on May 26, 2022 authorizing the seizure of the hospital blood drawn on November 7, 2021 and to suppress the result of the testing of those samples, alleging, inter alia, that the warrant was issued in violation of CPL 690.10(4). Alternatively, defendant moves for a hearing to determine the "reliability and admissibility of the results of the testing" of the hospital blood.

The results of a search conducted pursuant to a facially sufficient search warrant are not subject to a suppression hearing (*People v Arnau*, 58 NY2d 27 [1982]). The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article I § 12 of the New York State Constitution contains identical language. Consistent with these constitutional provisions, CPL 690.45(4) requires that when a search warrant authorizes the seizure of property, the warrant must include "[a] description of the property which is the subject of the search." "To meet the particularity requirement, the warrant must be specific enough to leave no discretion to the police" (*see People v Cahill*, 2 NY3d 14, 41 [2003]). Specifically, defendant argues that the results of the hospital blood should be suppressed since the prosecution did not seek to obtain the samples for testing until more than six months after the underlying incident. However, probable cause to believe that evidence of the crimes with which defendant is charged would be found in the hospital blood still existed, albeit six months later. The question of staleness is not resolved by merely counting the number of days between the events giving rise to the information and the issuance of the warrant, but the information may be acted upon when the facts existing in the past, which were sufficient to give rise to probable cause, continue to exist at the time the application for a search warrant is made (*People v Clarke*, 173 AD2d 550 [2d Dept 1991]). This largely depends on the nature of the property to be seized (*People v Walker*, 285 AD2d 660 [3d Dept 2001]). Here, the hospital blood had been held and preserved by the hospital since the date of defendant's arrest and it was reasonable for this Court to believe that defendant's hospital blood would contain evidence of alcohol consumption. This belief was confirmed, ultimately, when the defendant's hospital blood was tested and contained 0.33 of one per centum by weight of alcohol. Although the police and District Attorney's Office waited months to obtain the search warrant, this does not make the warrant per se invalid. Defendant, of course, can cross-examine the prosecution witnesses, such as the police officers involved in the case, about the failure to apply for a warrant earlier. Upon review of the four corners of the search warrant affidavit, the warrant was adequately supported by probable cause, and sufficiently particular as to the place to be searched and the things to be seized (*see People v Keyes*, 291 AD2d 571 [2d Dept 2002]; *see generally People v Badilla*, 130 AD3d 744 [2d Dept 2015]; *People v Elysee*, 49 AD3d 33 [2d Dept 2007]). The Court has also reviewed the search warrant order and finds it to be proper in all respects.

In the same vein, defendant argues that the hospital blood was seized for an unreasonable period of time and that the Westchester Medical Center was acting at the direction of the District

3

Attorney's Office when it preserved defendant's hospital blood after receiving the preservation request from them. However, the hospital blood was in the custody of the hospital and not the police, and the Fourth Amendment does not apply to the actions of private actors (*see People v Adler*, 50 NY2d 730 [1980]; *see also People v Gleeson*, 36 NY2d 462 [1975]).

Defendant also argues that the hospital blood and the result of the laboratory testing of that blood should be suppressed as the fruits of an unlawful seizure. Defendant alleges that "[i]t was only after the police unlawfully obtained a blood draw order by relying on unsupported hearsay, … and then received the laboratory results from that unlawfully seized blood, that the police and prosecution moved to obtain a second blood sample via search warrant to then submit for laboratory testing." In this Court's Decision and Order on defendant's omnibus motion, the Court granted a hearing as to the blood draw order and seizure which has not yet been held. Because there has been no decision rendered as to the suppression of that blood draw and the seizure of those samples, defendant's argument is premature.

Defendant further moves this Court to suppress the hospital blood test result on the ground that information was divulged by the Westchester Medical Center in violation of defendant's physician-patient privilege pursuant to CPLR 4504(a). However, the physician-patient privilege under CPLR 4504(a) does not apply to a vial of blood (*see People v Elysee*, 12 NY3d 100 [2009]). Moreover, the blood draw at issue was captured on police worn body camera footage and as such, information concerning the date, time, and circumstances of the blood draw was observable by police officers and does not constitute communications protected by the physician-client privilege.

Finally, defendant argues for a hearing to determine the reliability and admissibility of the result of the testing of defendant's hospital blood. Defendant is not entitled to such hearing. The hospital blood was not procured at the direction of the police, but rather was taken by hospital staff for medical purposes and the Fourth Amendment therefore has no applicability. Moreover, defendant's argument concerning the reliability of the evidence is an issue involving the weight of the evidence, an issue for the trier of fact, and does not affect its admissibility (*People v Wesley*, 83 NY2d 417, 427 [1994]).

For the above reasons, the Court denies defendant's motion to controvert the search warrant and to suppress the evidence seized and results therefrom.

The foregoing constitutes the Decision and Order of this court.

Dated:      White Plains, New York
          July 15, 2022

                                  Honorable Anne E. Minihan
                                  Acting Justice of the Supreme Court

To:
Hon. Miriam E. Rocah
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr., Blvd.
White Plains, NY 10601
Attn: ADA Elizbeth Shumejda
EShumejda@westchesterda.net


The Office of Clare J. Degnan
Legal Aid Society of Westchester County
150 Grand Street, Suite 100
White Plains, NY 10601
Attn: Hannah Robbins, Esq.
HRobbins@laswest.org
*Attorney for defendant, Julisa Gomez Portillo*

5

[* 5]