People v Huginnie (2024 NY Slip Op 01726)

People v Huginnie

2024 NY Slip Op 01726

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-02596
 (Ind. No. 230/20)

[*1]The People of the State of New York, respondent,
v
Stathos Huginnie, appellant.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Rachel Cregier of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Yavinsky, J.), rendered March 16, 2022, convicting him of disorderly conduct, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (John Zoll, J.), without a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and to suppress physical evidence seized in the execution thereof or, in the alternative, for a Darden hearing (see People v Darden, 34 NY2d 177). By decision and order dated November 1, 2023, this Court remitted the matter to the Supreme Court, Queens County, for an in camera hearing and inquiry in accordance with the guidelines set forth in People v Darden, and thereafter for the submission of a report by the Supreme Court on its determination. The appeal was held in abeyance pending receipt of a report from the Supreme Court. The Supreme Court has filed its report.
ORDERED that the judgment is affirmed.
"To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Coleman, 176 AD3d 851, 851 [internal quotation marks omitted]). "There is a strong judicial preference for search warrants, and courts should not analyze applications in a grudging or hypertechnical manner when determining whether they meet constitutional standards" (People v Williams, 249 AD2d 343, 344 [citation and internal quotation marks omitted]). Where probable cause is established through hearsay information provided by a confidential informant, the warrant application must demonstrate: "(i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge" (People v Griminger, 71 NY2d 635, 639; see People v Chisholm, 21 NY3d 990, 992). There is "no one acid test of reliability" (People v Rodriguez, 52 NY2d 483, 489). A confidential informant will be considered reliable "where details of his [or her] story have been confirmed by police observation" (id. at 489; see People v Slater, 141 AD3d 677, 677-678).
The Darden rule is necessary to insure "that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant's identity" (People v Edwards, 95 NY2d 486, 494; see People v Adrion, 82 NY2d 628, [*2]635). "The credibility determinations of a hearing court following a Darden hearing are accorded deference on appeal, and will not be disturbed unless they are not supported by the record" (People v Nettles, 186 AD3d 861, 863; see People v Kelly, 131 AD3d 484, 485).
Here, there is no reason for this Court to disregard the discretion exercised by the Supreme Court in its determination of credibility. The description of the events and the parties in the warrant application and of the actual search, and the consistency of the witness's testimony at the Darden hearing, establish the identity of the confidential informant (see People v Lambey, 197 AD3d 728).
Accordingly, the judgment is affirmed.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court