People v Rivera (2025 NY Slip Op 05321)

People v Rivera

2025 NY Slip Op 05321

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Ind No. 2745/17|Appeal No. 4701|Case No. 2019-5145|

[*1]The People of the State of New York, Respondent,
v
Claudio Rivera, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered May 6, 2019, as amended May 31, 2019, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.
The record supports the finding of the court that there was probable cause to issue a search warrant. The allegations in the affidavit were more than sufficient to satisfy the standard that a court "need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit" (People v Tambe , 71 NY2d 492, 503 [1988]; see also People v Pinchback , 82 NY2d 857, 858 [1993]). Here, the Office of the Special Narcotics Prosecutor (SNP) and the Drug Enforcement Administration (DEA) carried out a long-term investigation into a heroin trafficking operation between Springfield, Massachusetts and New York City which culminated in a search warrant executed on July 18, 2017. An investigator for the SNP applied for the warrant and concluded that there was reasonable cause to believe that evidence of drug possession and sales, as well as conspiracy to commit those crimes — including heroin, paraphernalia used to process and distribute it, proceeds from drug sales, related records and communications, and evidence of ownership or use of the target premises — would be present in the target premises.
The affidavit contained information including, but not limited to: (1) the suspicious circumstances of the rental of the target premises and likelihood that the organization used a "straw renter" — a tactic frequently used in heroin mill locations; (2) the use of court ordered eavesdropping devices and pen registers; (3) the connection to a previously discovered heroin mill and the target premises; (4) the pattern of use of a cellphone which was unusual and consistent with the existence of a drug operation, and which included five communications with a cellphone in Springfield, Massachusetts — the other pole of the suspected heroin operation; (5) the use of black plastic bags to cover the windows of the premises and the observation of large quantities of garbage, consistent with the premises being a heroin mill; and (6) references in the intercepted calls to "customers" and "the delivery."
We reject defendant's contention that the more plausible inference from the factual allegations is not that a heroin mill was operating in the target premises, but rather that the woman who rented the apartment using identification that bore the photograph of someone else, and was never seen again at the target premises, was renovating her rental apartment. This explanation of the facts is implausible and flatly inconsistent with numerous allegations in the affidavit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025