■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY PACCIONE, Respondent. [688 NYS2d 559] —Appeal by the People from an order of the Supreme Court, Kings County (Hall, J.), dated March 6, 1998, which granted the defendant's motion to suppress certain physical evidence recovered from his residence.

Ordered that the order is modified by deleting the provisions thereof granting those branches of the defendant's motion which were to suppress the following items of physical evidence: (1) the .38 caliber Smith & Wesson gun, (2) the .25 caliber Lorcin semi-automatic gun, (3) the silver clip to the .25 caliber Lorcin, (4) the eight .38 caliber bullets, and (5) the six .25 caliber bullets, and substituting therefor a provision denying those branches of the defendant's motion; as so modified, the order is affirmed.

The warrant for the search of the defendant's home was based upon a detective's affidavit which stated that the defendant had been identified as one of three individuals who robbed a Brooklyn Costco store. The affidavit further stated that between $150,000 and $180,000 in cash had been stolen, that one of the robbers wore a narrow-brim cloth hat and one wore a low cap with a narrow brim, that during the robbery the perpetrators displayed guns and bound the employees with duct tape and "plastic handcuffs", and that they removed the store's video surveillance equipment with the video tape inside of it before escaping.

The search warrant application also set forth the detective's experience in investigating robberies and the detective's statement that, based upon his experience, he found that perpetrators of robberies "frequently secrete evidence of the [crime] in and around their residences". He also stated that the defendant and another of the perpetrators had been in telephone contact on the day of the robbery.

To establish probable cause, a search warrant application must provide sufficient information "to support a reasonable belief that [evidence] of a crime may be found in a certain place" (*People v McCulloch,* 226 AD2d 848, 849; *see also, People v Glen,* 30 NY2d 252, 259, *cert denied sub nom. Baker v New York,* 409 US 849). Moreover, search warrants, which generally are not composed by lawyers but rather by police officers, should not be read hypertechnically and may be "accorded all reasonable inferences" (*People v Hanlon,* 36 NY2d 549, 559).

Here, since the defendant had been identified as one of the perpetrators of the robbery, and the place to be searched was the defendant's residence, "it was entirely reasonable to deduce" that evidence of the robbery would be found there (*People v Robinson,* 68 NY2d 541, 552; *see, People v Wheatman,* 29 NY2d 337, 346; *see also,* CPL 690.40 [2]; *People v Christopher,* 101 AD2d 504).

However, the warrant application provided no basis to conclude that some of the items which were sought and recovered constituted possible evidence of the crime (*see, People v Smith,* 138 AD2d 932; *see also, People v Lalli,* 43 NY2d 729). Accordingly, other than those items indicated above, the motion to suppress physical evidence was properly granted. Santucci, J. P., Joy, Altman and Krausman, JJ., concur.