■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEBORAH HARVEY and GREGORY HARVEY, Respondents. [748

NYS2d 785] —Appeal by the People from an order of the Supreme Court, Queens County (Blumenfeld, J.), dated January 26, 2001, which, inter alia, granted those branches of the defendants' separate omnibus motions which were to controvert a search warrant, suppress physical evidence, and suppress the statement of the defendant Deborah Harvey made to law enforcement authorities.

Ordered that the order is reversed, on the law, those branches of the defendants' separate omnibus motions which were to controvert a search warrant, suppress physical evidence, and suppress a statement made by the defendant Deborah Harvey to law enforcement authorities are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On December 6, 1999, a detective executing a search warrant based upon information supplied by a confidential informant entered the defendants' first-floor apartment and recovered a quantity of marihuana, drug paraphernalia, and other items. The defendants were each charged with one count of criminal possession of marihuana in the second degree and one count of criminally using drug paraphernalia in the second degree. After a suppression hearing, the branches of the defendants' separate omnibus motions which were to controvert the search warrant, suppress physical evidence, and suppress the statement made by the defendant Deborah Harvey to law enforcement authorities during the search of the apartment were granted on the ground that the search warrant application failed to establish probable cause to believe that evidence of a crime could be found in the defendants' apartment. We now reverse.

The warrant for the search of the defendants' first-floor apartment was based upon a detective's affidavit which stated that on two occasions, a confidential and reliable informant had personally observed an individual known to him as "Greg" enter "the first floor of the subject location." A few moments later, the informant observed "Greg" sell marihuana to an unknown individual. The affidavit had previously defined the "subject location" as the "first floor apartment and basement of a two-story red-brick building" and stated that the apartment was located behind a restaurant at the same address. The affidavit further stated that the detective had conducted a check of utility records which revealed that the "subject location is a residence."

It is well established that search warrant applications should be interpreted in a common-sense manner (*see People v Han-*

*lon,* 36 NY2d 549, 558-559; *People v Paccione,* 259 AD2d 563, 564; *People v Williams,* 119 AD2d 606, 607; *People v Sinatra,* 102 AD2d 189, 190). Here, it can reasonably be inferred from the averments in the affidavit supporting the search warrant application that the confidential informant observed "Greg" on two occasions enter the first-floor apartment and subsequently engage in drug sales. Thus, the affidavit provided information sufficient to support a reasonable belief that evidence of a crime would be found in the defendants' apartment (*see People v Pinchback,* 82 NY2d 857, 858; *People v Paccione, supra; see also* CPL 690.10 [4]; 690.40 [2]). Accordingly, the Supreme Court erred in suppressing the physical evidence seized and the defendant Deborah Harvey's statement to law enforcement authorities (*see People v Paccione, supra; People v White,* 258 AD2d 677, 678). Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.