■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MAURICE GREEN, Respondent. [781 NYS2d 917]—Appeal by the People from an order of the Supreme Court, Kings County (Marrero, J.), entered June 21, 2002, which, after a hearing, granted those branches of the defendant's omnibus motion which were to controvert a search warrant and to suppress physical evidence.

Ordered that the order is reversed, on the law, and those branches of the motion which were to controvert the search warrant and to suppress physical evidence are denied.

Contrary to the defendant's contention, the challenged search warrant application, interpreted in a commonsense manner (*see People v Hanlon,* 36 NY2d 549, 558-559 [1975]; *People v Harvey,* 298 AD2d 527, 528 [2002]), provided sufficient information to

support a reasonable belief that evidence of a crime would be found in the subject apartment (*see People v Hanlon, supra*; *People v Harvey, supra* at 529; *cf. People v Bigelow*, 66 NY2d 417, 423-424 [1985]; *People v McRay*, 51 NY2d 594, 602 [1980]). Accordingly, the Supreme Court erred in granting those branches of the defendant's omnibus motion which were to controvert the search warrant and to suppress physical evidence seized from the apartment (*see People v Harvey, supra*; *People v Paccione*, 259 AD2d 563 [1999]).

In light of the defendant's concession on appeal that the *Aguilar-Spinelli* rule does not apply (*see Aguilar v Texas*, 378 US 108 [1964]; *Spinelli v United States*, 393 US 410 [1969]), we do not reach the issue of the confidential informant's reliability. Ritter, J.P., H. Miller, S. Miller and Crane, JJ., concur.