■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MURRAY, Appellant. [24 NYS3d 194]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered February 28, 2013, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and to suppress physical evidence seized in the execution thereof, and to suppress identification testimony.

Ordered that the judgment is affirmed.

To the extent that the defendant contends that the warrant authorizing the search of his apartment was not supported by probable cause, his contention is without merit. To establish probable cause, a search warrant application must provide sufficient information "to support a reasonable belief that evidence of a crime may be found in a certain place" (*People v McCulloch*, 226 AD2d 848, 849 [1996]; *see People v Paccione*, 259 AD2d 563, 564 [1999]). Search warrants, which generally are not composed by lawyers but rather by police officers, should not be read hypertechnically and may be "accorded all reasonable inferences" (*People v Hanlon*, 36 NY2d 549, 559 [1975]). Here, the suppression court correctly determined that the affidavit upon which the warrant was issued contained information sufficient to support a reasonable belief that evidence of illegal activity would be present at the defendant's apartment (*see People v Griffin*, 28 AD3d 578, 578 [2006]; *People v Green*, 10 AD3d 731, 732 [2004]; *People v Paccione*, 259 AD2d at 564).

To the extent that the defendant now makes additional arguments regarding a lack of probable cause to issue the search warrant, and further argues that the recovery of certain physical evidence from his apartment exceeded the scope the warrant, the contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit.

Contrary to the defendant's contention, the suppression court properly declined to suppress the lineup identification evidence on the ground that it was unduly suggestive (*see People v Marshall*, 51 AD3d 821 [2008]; *People v Diggs*, 19 AD3d 1098, 1099 [2005]; *People v Briggs*, 285 AD2d 514 [2001]).

The defendant's contention that he was deprived of the effective assistance of counsel during the pretrial proceedings is without merit (*see generally People v Caban*, 5 NY3d 143, 156 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Moreover, the defendant's contention that he was deprived of a fair trial as a result of certain remarks made during the People's summation is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, most of the challenged summation remarks were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-111 [1976]), or responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Joubert*, 125 AD3d 686, 686 [2015]). To the extent that any remaining challenged remarks were improper, they were not so egregious as to deprive the defendant of a fair trial (*see People v Williams*, 123 AD3d 1152 [2014], *lv granted* 25 NY3d 1173 [2015]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.