■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNY RODRIGUEZ, Appellant. [52 NYS3d 677]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 13, 2015, convicting him of robbery in the first degree, robbery in the second degree, and menacing in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant testified that the defendant, whose name he did not know, but with whom he had spoken briefly on several prior occasions, approached him in a bodega to ask for a $380 loan, offering to give him a cell phone as collateral. The complainant agreed and went home to get the money. When the complainant was ready to return to the bodega with the money, he called the defendant, using the number the defendant had said was his cell phone number, and the defendant answered. They arranged to meet back at the bodega, but on the way, the complainant was waylaid by the defendant and an accomplice, who robbed him at gunpoint. The defendant threatened to kill the complainant if he reported the crime to the police.

Contrary to the defendant's contention, the verdict was not against the weight of the evidence. Rather, upon weighing the complainant's and the defendant's conflicting testimony, and reviewing the rational inferences that may be drawn from the evidence and evaluating the strength of such conclusions (see *People v Danielson*, 9 NY3d 342, 348 [2007]), we find that the Supreme Court was justified in finding the defendant guilty beyond a reasonable doubt. Any minor inconsistencies in the complainant's testimony presented issues of credibility to be determined by the court, which had the opportunity to view the witnesses, hear the testimony, and observe demeanor (see *People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Richards*, 144 AD3d 844, 846 [2016]), and we discern no basis on which to disturb the court's credibility determinations.

The testimony of the investigating detective, who was recalled for rebuttal after having testified during the People's direct case, was admissible to refute the defendant's testimony that he did not own a phone at the time of the incident and had never seen the complainant before. "[A] party has the right to impeach or discredit the testimony of an opponent, and such evidence is always competent. He may contradict the testimony of a witness as to any matters upon which he has been called to give evidence in chief, provided it is not collateral to the issue" (*People v Harris*, 57 NY2d 335, 345 [1982]). The rebuttal testimony of the detective was not collateral, since it corroborated the complainant's testimony which the defendant, during his own testimony, had refuted (see *People v Peguero-Sanchez*, 141 AD3d 608, 611 [2016], *affd* 29 NY3d 965 [2017]). The defendant's contention that the admission of the detective's testimony regarding a phone number given to him by the

complainant was error is unpreserved for appellate review, as the defendant did not present to the Supreme Court the argument he presents on appeal (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 21-22 [1995]). In any event, there is no merit to the argument.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under either the Federal standard or the New York State Constitutional standard since, viewing defense counsel's performance in totality, counsel's performance did not fall below an objective standard of reasonableness, and counsel provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Satterfield, 66 NY2d 796 [1985]; People v Sancho, 124 AD3d 806 [2015]; People v Koki, 74 AD3d 987, 988 [2010]).

The defendant's contention that the Supreme Court's interruptions during summation deprived him of his right to a fair trial and an effective summation is unpreserved for appellate review (see People v Charleston, 56 NY2d 886 [1982]) and, in any event, is without merit. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.