Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered January 8, 2014, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant contends that he was deprived of a fair trial by the admission of evidence that he was stopped by a police officer for running a red light and thereafter arrested for driving with a suspended license (see generally People v Molineux, 168 NY 264 [1901]), and by an inadvertent reference by a prosecution witness implying the defendant’s probation status. This contention is partially unpreserved for appellate review (see CPL 470.05 [2]; People v McFarlane, 106 AD3d 836, 837 [2013]). In any event, the defendant’s contention is without merit. The evidence that the defendant ran a red light was properly admitted. That conduct was initially charged in the indictment, and there is no indication that the prosecution acted in bad faith or with a view to unfairly prejudice the defendant by bringing that count (see People v Rosica, 171 AD2d 931, 933 [1991]; cf. People v Molineux, 168 NY at 291). The evidence that the defendant was arrested for driving with a suspended license was properly admitted to complete the narrative and explain why detectives arrested the defendant after they stopped him for running a red light (see People v Morris, 21 NY3d 588 [2013]; People v Tosca, 98 NY2d 660 [2002]; People v Till, 87 NY2d 835 [1995]; People v Baljit, 132 AD3d 573, 573-574 [2015]), and this evidence was more probative than prejudicial (cf. People v Resek, 3 NY3d 385, 389 [2004]).
 

 The Supreme Court providently exercised its discretion in denying the defendant’s motion for a mistrial made after a prosecution witness, on cross-examination, made an inadvertent, fleeting reference that implied the defendant’s probation status. The court immediately struck the testimony, and its prompt and thorough curative instructions were sufficient to prevent any prejudice (see People v Santiago, 52 NY2d 865 [1981]; People v Smith, 136 AD3d 603, 603-604 [2016]; People v Rubi, 19 AD3d 139, 140 [2005]; People v Branford, 220 AD2d 203 [1995]).
 

 Chambers, J.P., Roman, Miller and Duffy, JJ., concur.