People v Morel (2021 NY Slip Op 04032)





People v Morel


2021 NY Slip Op 04032


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-08125
 (Ind. No. 1913/16)

[*1]The People of the State of New York, respondent,
v
Oscar Morel, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered June 6, 2018, convicting him of murder in the first degree, murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to controvert a search warrant and to suppress physical evidence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of murder in the second degree under count 2 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was charged with murder in the first degree (Penal Law § 125.27[1][a][viii]), murder in the second degree (Penal Law § 125.25[1]) (two counts), criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]), and related charges in connection with the August 13, 2016 shooting deaths of two victims.
Following the defendant's arrest, a search warrant was issued for his home, vehicle, and cell phone. The Supreme Court denied the defendant's motion to controvert the search warrant and to suppress the physical evidence found upon its execution. Thereafter, the defendant was convicted, after a jury trial, of murder in the first degree, murder in the second degree (two counts), and criminal possession of a weapon in the second degree.
Contrary to the defendant's contention, the Supreme Court properly denied his motion to controvert the search warrant. A presumption of validity attaches to a search warrant since there has already been a judicial review as to its justification (see People v Hanlon, 36 NY2d 549, 558; People v Hedrington, 186 AD3d 1245, 1245). To establish probable cause, a "'search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search'" (People v Hedrington, 186 AD3d at 1245, quoting People v Corr, 28 AD3d 574, 575).
Here, the affidavit in support of the search warrant was sufficient to support a [*2]reasonable belief that evidence of the crime would be found in the defendant's residence, vehicle, or cell phone. Further, the defendant failed to show that the affidavit in support of the warrant contained false statements that were made knowingly or intentionally, or with reckless disregard for the truth (see People v Watson, 163 AD3d 855, 857-858; People v Lassiter, 151 AD3d 885, 886).
Evidence of the defendant's involvement in a hit-and-run traffic accident minutes after the shooting was also properly admitted at trial. Here, the evidence of the traffic accident was "inextricably interwoven with the narrative of events" (People v Dahlbender, 23 AD3d 493, 494; see People v Thomlinson, 174 AD3d 929, 929-930), showed consciousness of guilt (see People v Till, 87 NY2d 835, 836-837; People v Harris, 304 AD2d 839, 839, affd 23 NY3d 89), and provided necessary background material for the jury to understand how and why the defendant was arrested (see People v Faulk, 185 AD3d 953, 958; People v Springs, 156 AD3d 914, 914). Moreover, the probative value of this evidence outweighed its potential for prejudice (see People v Till, 87 NY2d at 836-837; People v Morales, 171 AD3d 945, 946).
Although the Supreme Court should have directed the People to redact that portion of the interview tape with the defendant that showed the defendant's invocation of his right to counsel and instructed the jury to disregard the prosecutor's improper comment during summation about the defendant's invocation of his right to counsel, under the circumstances of this case, the errors were harmless because the evidence of the defendant's guilt was overwhelming and there was no reasonable possibility that the admission of the tape and the prosecutor's improper comment during summation might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 237; People v Taylor, 172 AD3d 1110, 1112).
Likewise, although the prosecutor's additional comments during summation—that the defendant was a liar and a "cold-blooded murderer"—improperly denigrated the defendant and should not have been said (see People v Dixon, 184 AD3d 854, 854; People v Bethea, 159 AD3d 710, 712), these errors also were harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error in this regard might have contributed to the convictions (see People v Crimmins, 36 NY2d at 241-242). Further, these improper comments, viewed both separately and cumulatively, were not egregious or pervasive enough to have deprived the defendant of a fair trial (see People v Green-Faulkner, 189 AD3d 1070, 1072; People v Bethea, 159 AD3d at 712).
However, the defendant's conviction of murder in the second degree pursuant to Penal Law § 125.25(1) under count 2 of the indictment, as well as the sentence imposed thereon, must be vacated and that count dismissed because that charge constitutes an inclusory concurrent count of the conviction of murder in the first degree pursuant to Penal Law § 125.27(1)(a)(viii) (see CPL 300.40[3][b]; People v Rosas, 30 AD3d 545, 546, affd 8 NY3d 493; see also People v Brown, 181 AD3d 701, 703).
The defendant's remaining sentence was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court