People v Mack (2021 NY Slip Op 04377)





People v Mack


2021 NY Slip Op 04377


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-04905
 (Ind. No. 249/17)

[*1]The People of the State of New York, respondent,
v
Efrain Mack, appellant.


Paul Skip Laisure, New York, NY (David Fitzmaurice of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered April 13, 2018, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a Darden hearing (People v Darden, 34 NY2d 177) (Charles M. Troia, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant preserved for appellate review his contention that the search warrant authorizing the search of his home was not supported by probable cause and the narcotics found in his home should be suppressed as a result. However, the defendant's contention is without merit. "To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Coleman, 176 AD3d 851, 851-852 [internal quotation marks omitted]; see CPL 690.40[2]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423). Here, the search warrant affidavit provided sufficient information to support a reasonable belief that narcotics would be found in the defendant's
home and, accordingly, the Supreme Court did not err in denying, after a Darden hearing (People v Darden, 34 NY2d 177), that branch of his omnibus motion which was to suppress physical evidence seized as a result of the execution of that search warrant.
The defendant contends that he was deprived of a fair trial by the introduction into evidence of search warrants for him and his home and the prosecutor's remarks about, and certain testimony concerning, those warrants. This contention is unpreserved for appellate review, as the defendant failed to object to the admission of search warrants into evidence or the identified testimony, and the prosecutor's remarks were the subject of an unspecified, general objection (see CPL 470.05; People v Romero, 7 NY3d 911, 912; People v Mamadou, 129 AD3d 993, 994). In any event, any error in the admission of the search warrants, or the remarks and the testimony concerning them, was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error contributed to his convictions (see People v Arafet, 13 NY3d 460, 467; [*2]People v Crimmins, 36 NY2d 230, 241-242). Defense counsel was not ineffective for failing to preserve this contention for appellate review (see People v Benevento, 91 NY2d 708, 712; People v Ramirez, 146 AD3d 987, 988; People v Cass, 79 AD3d 768, 770).
The defendant challenges the Supreme Court's Molineux ruling (People v Molineux, 168 NY 264), which allowed the People to introduce evidence of certain of the defendant's text messages demonstrating the defendant arranging drug sales. Where the proffered Molineux evidence is relevant to some material fact in the case, other than the defendant's propensity to commit the crime charged, it is not to be excluded merely because it shows that the defendant had committed other crimes (see People v Ventimiglia, 52 NY2d 350, 359; People v Allweiss, 48 NY2d 40, 47). Here, the defendant's text messages were properly admitted for the purpose of establishing that the defendant possessed the mental state necessary for the crime of criminal possession of a controlled substance in the third degree (see People v Alvino, 71 NY2d 233, 245).
Contrary to the People's contention, the defendant preserved for appellate review his contention that the Supreme Court erred in restricting his cross-examination of a police detective, who merely gave expert testimony, about civil rights lawsuits in which the detective was a named defendant. The defendant's contention, however, is without merit. Where a defendant seeks to question a police witness on the facts underlying civil rights lawsuits, "[f]irst, counsel must present a good faith basis for inquiring, namely, the lawsuit relied upon; second, specific allegations that are relevant to the credibility of the law enforcement witness must be identified; and third, the trial judge exercises discretion in assessing whether inquiry into such allegations would confuse or mislead the jury, or create a substantial risk of undue prejudice to the parties" (People v Smith, 27 NY3d 652, 662; see People v Watson, 163 AD3d 855). Here, the defendant failed to identify specific allegations relevant to the credibility of the expert witness from the lawsuits, and accordingly, the court's limitation of the defendant's cross-examination concerning those lawsuits was proper under the circumstances.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court