People v Abad (2022 NY Slip Op 05094)

People v Abad

2022 NY Slip Op 05094

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2017-06776
 (Ind. No. 232/15)

[*1]The People of the State of New York, respondent,
v
Pedro Abad, appellant.

Patricia Pazner, New York, NY (Ronald Zapata and Patty C. Walton of counsel), for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart, Alexander Fumelli, and Thomas B. Litsky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered June 14, 2017, convicting him of aggravated vehicular homicide (four counts), aggravated vehicular assault, manslaughter in the second degree, assault in the second degree, and reckless endangerment, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Stephen J. Rooney, J.), without a hearing, of the defendant's motion to controvert a search warrant and suppress the results of a blood alcohol test.
ORDERED that the judgment is affirmed.
During the early morning hours of March 20, 2015, the defendant drove in the opposite direction of traffic on the West Shore Expressway in Staten Island at a speed of approximately 75 miles per hour, after he had consumed numerous alcoholic beverages. The defendant's vehicle collided with a tractor trailer, and two of the passengers in the defendant's vehicle died as a result of the accident.
After the accident, a detective employed by the New York City Police Department applied for a warrant to seize certain vials of the defendant's blood that were drawn at Richmond University Medical Center after the accident, and the Criminal Court of the City of New York, County of Richmond, issued the warrant. The defendant subsequently moved to controvert the search warrant and to suppress the results of a blood alcohol test performed on the vials that were seized. The Supreme Court denied the motion, finding, among other things, that the warrant was supported by probable cause. After a trial, the defendant was convicted, upon a jury verdict, of four counts of aggravated vehicular homicide, aggravated vehicular assault, manslaughter in the second degree, assault in the second degree, and reckless endangerment. The defendant appeals.
As an initial matter, contrary to the People's contention, the defendant's contention that the search warrant was not supported by probable cause is preserved for appellate review. Although the defendant did not raise any arguments related to whether the search warrant was supported by probable cause in his motion to controvert the search warrant and to suppress the results of the blood alcohol test, the Supreme Court "expressly decided" the issue of whether the search warrant was supported by probable cause (see CPL 470.05[2]; see generally People v Palmer, [*2]84 AD3d 1414). This case is distinguishable from a situation where a defendant raises specific arguments regarding probable cause, the court directly addresses those arguments, and then on appeal the defendant seeks to raise additional, new arguments regarding probable cause (cf. People v Murray, 136 AD3d 714).
Contrary to the defendant's contention, the Supreme Court properly denied his motion to controvert the search warrant and to suppress the results of the blood alcohol test. "To establish probable cause, a search warrant application must provide sufficient information 'to support a reasonable belief that evidence of a crime may be found in a certain place'" (id. at 714, quoting People v McCulloch, 226 AD2d 848, 849; see People v Paccione, 259 AD2d 563, 564). Where probable cause is established through hearsay information, the warrant application also must demonstrate both the veracity and reliability of the source of the information, and the basis of the informant's knowledge (see People v Griminger, 71 NY2d 635; People v Coleman, 176 AD3d 851; People v Freeman, 46 AD3d 1375). Here, the detective's affidavit submitted in support of the search warrant application contained sufficient factual allegations of criminal conduct to justify issuance of the warrant (see People v Murray, 136 AD3d 714). Moreover, the factual allegations in the detective's affidavit were sufficient to demonstrate the sources' bases of knowledge and that the information was reliable (see People v Coleman, 176 AD3d at 852; People v Magny, 162 AD3d 1072).
The defendant's contention, raised in his pro se supplemental brief, that the People withheld certain Brady material (see Brady v Maryland, 373 US 83) is not properly raised on direct appeal, and should have been raised in a motion pursuant to CPL 440.10 to vacate the judgment, because the facts supporting the defendant's claim are dehors the record (see People v Ellis, 166 AD3d 993, affd 34 NY3d 1092; People v Geritano, 158 AD3d 724; People v Wilson, 283 AD2d 339). Likewise, the defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is not reviewable on direct appeal as it is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d 1108).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention, raised in his pro se supplemental brief, is without merit.
BARROS, J.P., MALTESE and WOOTEN, JJ., concur.
ZAYAS, J., concurs, and votes to affirm the judgment, with the following memorandum:
I concur with the majority's disposition of this appeal. I write separately, though, because I conclude that the defendant's contention that the warrant authorizing the seizure of blood taken from him at the hospital was not supported by probable cause is unpreserved for this Court's review (see People v Murray, 136 AD3d 714, 714).
On appeal, the defendant contends that the search warrant affidavit failed to satisfy the Aguilar-Spinelli test (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108) because the attesting officer did not articulate the sources of various pieces of information that were crucial to establishing probable cause to believe that the defendant had committed a drunk driving offense, and, therefore, there was an insufficient basis to conclude that the information was reliable (see e.g. People v Mullins, 137 AD2d 227, 230-231). In the defendant's motion to controvert the search warrant, however, he made no arguments along these lines (see People v Cruz, 137 AD3d 1158, 1159; People v Jackson, 105 AD3d 866, 868). He asserted, instead, that alleged irregularities in the collection and analysis of his blood warranted suppression of the results of the blood alcohol [*3]test.
The Supreme Court, in denying the motion, rejected those contentions, and also found that the warrant was supported by probable cause. The court, however, made no specific findings with respect to the reliability of the information contained in the affidavit, or whether the basis of knowledge for the information had been adequately established. Nor did the citations to caselaw in the court's decision support the inference that it had resolved, on its own initiative, any Aguilar-Spinelli-related issues that the affidavit presented. Thus, the defendant's claim was not preserved by virtue of it having been "expressly decided" (CPL 470.05[2]) by the Supreme Court (see People v Turriago, 90 NY2d 77, 84).
The defendant's appellate challenge to the validity of the search warrant is, therefore, unpreserved. And, in the circumstances of this case, I would decline to review it in the interest of justice (see People v Martin, 50 NY2d 1029, 1031).
ENTER:
Maria T. Fasulo
Clerk of the Court