People v Edwards (2024 NY Slip Op 04468)

People v Edwards

2024 NY Slip Op 04468

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2020-00943
 (Ind. No. 4125/17)

[*1]The People of the State of New York, respondent,
v
Justin Edwards, appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Jason Eldridge of counsel), for respondent.
Patricia Pazner, New York, NY (Chelsey Amelkin of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered January 16, 2020, convicting him of criminal possession of marihuana in the second degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Suzanne J. Mondo, J.), of the defendant's motion to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant's convictions arose out of an incident that occurred on May 24, 2017, during a funeral repast in Brooklyn. At trial, witnesses testified that the defendant's brother pointed a firearm at a group of people after exiting a vehicle operated by the defendant. The defendant was subsequently arrested, and the vehicle was impounded. Upon obtaining a warrant to search the vehicle, police officers discovered, inter alia, ecstasy pills and numerous Ziploc bags filled with marihuana in the vehicle. After he was indicted, the defendant moved to controvert the search warrant and to suppress the physical evidence seized in the execution thereof. By order dated July 30, 2018, the Supreme Court, without a hearing, denied the defendant's motion. Following a jury trial, the defendant was convicted of criminal possession of marihuana in the second degree (Penal Law former § 221.25) and criminal possession of a controlled substance in the seventh degree (id. § 220.03) but acquitted of other charges. The defendant appeals.
"A presumption of validity attaches to a search warrant since there has already been a judicial review as to its justification" (People v Morel, 195 AD3d 946, 947). Indeed, "[g]reat deference should be accorded to [a] court's determination to issue a search warrant" (People v Crupi, 172 AD3d 898, 898; see People v Fraser, 210 AD3d 697, 698). A search warrant must be supported by probable cause (see People v Gordon, 36 NY3d 420, 426). "To establish probable cause, a search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (People v Morel, 195 AD3d at 947 [internal quotation marks omitted]; see People v Abad, 208 AD3d 892, 893). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that . . . evidence of a crime may be found" (People v Mack, 196 AD3d 603, 604 [internal quotation marks omitted]). However, only "lawfully acquired information" in a warrant application may "provide probable cause for [a] [*2]search" warrant (People v Harris, 62 NY2d 706, 708; see People v Barizone, 201 AD3d 810, 810; People v Clark, 194 AD3d 948, 950). "[W]here a search warrant application contains some information obtained through unlawful means, a search pursuant to that warrant will nevertheless be upheld if the application contained sufficient lawfully obtained information, untainted by and independent of the illegality, to constitute probable cause" (People v Vonderhyde, 114 AD2d 479, 480; see People v Harris, 62 NY2d at 707-708; People v Ross, 228 AD2d 718, 719). Moreover, "[s]earch warrants, which generally are not composed by lawyers but rather by police officers, should not be read hypertechnically and may be accorded all reasonable inferences" (People v Murray, 136 AD3d 714, 714 [internal quotation marks omitted]).
Here, the Supreme Court properly denied, without a hearing, the defendant's motion to controvert the search warrant and to suppress the physical evidence seized in the execution thereof. The police officer's affidavit submitted with the search warrant application contained sufficient lawfully obtained information to support a reasonable belief that evidence of criminal conduct would be found in the vehicle (see People v Abad, 208 AD3d at 893; People v Lambey, 197 AD3d 728, 729; cf. People v Farrell, 277 AD2d 464, 464). Contrary to the defendant's contention, the information in the affidavit was not the product of an unlawful arrest (see People v Garcia, 189 AD3d 879, 881; People v Ross, 228 AD2d at 719). The detective who effectuated the arrest, based upon his own observations and information he received from witnesses, had probable cause to believe that the defendant had engaged in criminal activity (see People v Henderson, 197 AD3d 663, 664; People v Nealy, 32 AD3d 400, 401; People v Edmonds, 267 AD2d 19, 19). Even if the arrest was lawful, the defendant contends that the search warrant was nonetheless issued based upon unlawfully obtained information. After the vehicle was towed to the precinct station house, the police officer observed certain items through its windows, which prompted the search warrant application. According to the defendant, the police should not have impounded the vehicle in the first instance because there was no basis to conduct an inventory search thereof, and the police officer would not have made her observations had the impoundment not occurred. Contrary to the defendant's assertion, however, the vehicle was lawfully impounded for the purpose of conducting an inventory search (see People v Douglas, 40 NY3d 385, 388-389; People v Wilson, 222 AD3d 1006, 1008).
The defendant's contention that a detective's grand jury testimony impaired the integrity of the grand jury proceeding to such a degree that the indictment should have been dismissed is unpreserved for appellate review. The defendant failed to move to dismiss the indictment on that specific ground (see People v Montes, 178 AD3d 1283, 1290; People v Sicilianonunez, 172 AD3d 912, 913; People v Forde, 140 AD3d 1085, 1087), nor was his motion to re-inspect the grand jury minutes sufficient to preserve his contention for appellate review (see People v Brown, 81 NY2d 798, 799; People v Agee, 57 AD3d 1486, 1486-1487). In any event, the detective's testimony "did not impair the integrity of the grand jury proceeding or give rise to the possibility of prejudice to the defendant" (People v Mitchell, 188 AD3d 1101, 1102; see People v Geritano, 158 AD3d 724, 724-725). To the extent the defendant contends that the evidence adduced at the grand jury proceeding was legally insufficient, his contention is "foreclosed by his conviction upon a jury verdict based upon legally sufficient evidence" (People v Brims, 145 AD3d 1025, 1027).
The defendant's contention that the Supreme Court improperly granted the People's application to introduce certain text messages relating to marihuana is partially unpreserved for appellate review and, in any event, without merit. Contrary to the defendant's contention, "the texts messages were sufficiently authenticated" (People v Rodriguez, 38 NY3d 151, 155; see People v Green, 107 AD3d 915, 916; People v Murray, 122 AD2d 81, 82). The court properly admitted the messages into evidence since their probative value—with regard to the defendant's knowledge of the marihuana's location within the vehicle and his possession thereof—outweighed any prejudice to him, particularly in light of the court's jury instruction relating thereto (see People v Peguero-Sanchez, 29 NY3d 965, 967; People v Rodriguez, 38 NY3d at 155). To the extent the defendant argues that the court should have deemed the text messages inadmissible on the ground that, at trial, he did not contest his knowledge of the marihuana's presence within the vehicle, he failed to preserve this specific contention for appellate review (see People v Rodriguez, 150 AD3d 1154, 1155-1156).
To the extent he does not obtain the other relief sought on appeal, the defendant seeks modification of the judgment of conviction pursuant to the Marihuana Regulation and Taxation Act (see L 2021, ch 92, codified at Penal Law art 222). Specifically, the defendant contends that this Court should reduce his conviction of criminal possession of marihuana in the second degree (Penal Law former § 221.25) to the lesser offense of criminal possession of cannabis in the third degree (id. § 222.30). The defendant's contention is without merit. "CPL 440.46-a, enacted at the same time as Penal Law article 222, provides a specific mechanism for the resentencing of defendants who were convicted under former article 221, but whose conduct would constitute a lesser offense, or no offense at all, under article 222" (People v Ramos, 202 AD3d 410, 413). Therefore, "[t]he proper mechanism for vacating [the defendant's] marihuana conviction is through th[at] process . . . , which requires defendant to first petition the court of conviction for any such relief and is not automatic" (People v Bennett, 210 AD3d 1421, 1423 [citation and internal quotation marks omitted]).
The defendant's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court