People v Williams

2026 NY Slip Op 02424

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Troy Williams, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2019-11755, (Ind. No. 6892/17)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

James P. McCormack, JJ.

Patricia Pazner, New York, NY (White & Case LLP [Courtney Andrews, Abigail Warner Mahoney, pro hac vice, Olivia Hussey, and Jacob Showers], of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered September 27, 2019, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 8 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant was convicted, after a jury trial, of manslaughter in the first degree in connection with a shooting that occurred in Brooklyn on August 27, 2017.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The record as a whole demonstrates that the defendant received the effective assistance of counsel under both the federal and state constitutional standards (see Strickland v Washington, 466 US 668, 688; People v Benevento, 91 NY2d 708, 712).

The defendant's contention that the People withheld certain Brady material (see Brady v Maryland, 373 US 83) is not properly raised on direct appeal and should be raised in a motion pursuant to CPL 440.10 to vacate the judgment, because the facts supporting the defendant's contention are dehors the record (see People v Abad, 208 AD3d 892, 894; People v Petion, 186 [*2]AD3d 1410, 1411).

The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).

The defendant's remaining contention is without merit.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court